**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-62455-JTK**

**FERNANDO PEREZ-HERNANDEZ,**

Plaintiff,

v.

**WARDEN, BROWARD TRANSITIONAL CENTER**, *et al.*,

Defendant.

______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte* on the Petition of Fernando Perez-Hernandez for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "**Petition**") [ECF 1]. On November 15, 2025, Petitioner was detained pursuant to 8 U.S.C. § 1226(a). *Id.* ¶15. Following the Eleventh Circuit's decision in *Hernadez Alvarez v. Warden*[1], Petitioner was granted an individualized bond hearing on May 22, 2026. [ECF No. 1, ¶22]. On July 24, 2026, an immigration judge sustained the charges of removability. *Id.* ¶27. Critically, Petitioner acknowledges they have an appeal pending before the Board of Immigration Appeals, filed on August 21, 2026. *Id.* ¶29. Pursuant to § 1252(d)(1), "[a] court may review a final order of removal only if" the noncitizen "has exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(a). Yet Petitioner asks us to directing Respondents to issue a new individualized custody hearing. The Court declines to do so in light of the pending appeal.

---

[1] 175 F.4th 1258, 2026 WL 1243395 (11th Cir. May 6, 2026).

Additionally, Petitioner brings claims for relief under *Zadvydas*. Section 1231(a) of the INA applies to aliens who are subject to a final order of removal. See 8 U.S.C. § 1231(a). After an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. However, the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal, with the presumption that for the first six months, detention is presumptively reasonable. *Zadvydas v. Davis*, 533 U.S. 678, 701. Thus, to state a Zadvydas claim, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

However, Petitioner has only been in post-removal-order custody since July 24, 2026. [ECF No. 1, ¶27]. As previously noted, there is a presumptively reasonable six-month detention period. Thus, any *Zadvydas* claim is wholly premature at the time of filing.

**ORDERED AND ADJUDGED** that the Petition [ECF 1] is **DENIED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE** in Chambers in Fort Lauderdale, Florida on this 4th day of September, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record